*Kaveh L. Afrasiabi,* pro se, submitted a brief.

COMMONWEALTH *vs.* MICHAEL R. BROWN. September 25, 2013. *Controlled Substances. Doctor,* Controlled substances. *Constitutional Law,* Double jeopardy, Appeal, Ex post facto law, Equal protection of laws. *Due Process of Law,* Appeal. *Practice, Criminal,* Double jeopardy, Appeal, Assistance of counsel. *Words,* "Dispense," "Distribute."

The defendant, Michael R. Brown, was convicted on indictments charging illegally prescribing controlled substances, in violation of G. L. c. 94C, §§ 32A (*a*) and 32B (*a*); submitting false medical claims, in violation of G. L.

---

c. 118E, § 40 (2); and larceny of an amount in excess of $250, in violation of G. L. c. 266, § 30 (1). We affirmed the convictions. See *Commonwealth* v. *Brown*, 456 Mass. 708 (2010) (*Brown I*). After we denied his subsequent petition for a rehearing, Brown filed a petition for a writ of habeas corpus in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 2254 (2006). The petition was denied without prejudice on the basis that Brown had failed to exhaust his State court remedies as required by 28 U.S.C. § 2254(b)(1)(A). See Brown *vs.* Ricci, U.S. Dist. Ct., No. 11-11154 (D. Mass. Jan. 10, 2012). Brown thereafter filed a motion for release from unlawful restraint pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), in the Superior Court, which was denied without a hearing. Brown appealed, and we transferred his appeal to this court on our own motion.

Brown raises several issues in this appeal, all of a constitutional nature and all stemming from the manner in which we decided the defendant's appeal in *Brown I*. That appeal involved two principal issues: (1) whether an audio-video recording "of the defendant's conversation in the home of a cooperating witness was properly admitted in evidence . . . where it was the product of a Federal investigation in which Massachusetts law enforcement personnel participated"; and (2) whether a physician "dispenses" rather than "distributes" a controlled substance pursuant to G. L. c. 94C, §§ 32A (*a*) and 32B (*a*), when the substance "is delivered pursuant to what purports to be a prescription to a person who does not 'lawfully' possess it." *Brown I*, *supra* at 709-710. Brown's current appeal involves only the "dispense-distribute" issue.

In *Brown I*, we engaged in a detailed analysis of G. L. c. 94C, the Controlled Substances Act (Act), which, as we noted, has proven difficult to parse. *Id.* at 716-717. A literal reading of the Act, for example, "suggests that it is always unlawful to deliver or possess controlled substances." *Id.* at 722. This, of course, cannot be true, because it is plainly not unlawful for a properly registered physician to deliver, and for a patient legitimately to possess, controlled substances. *Id.* at 720-722. The Act, in other words, does not preclude proper, authorized medical treatment. *Id.* at 722. Ultimately, we concluded that a physician who "for no legitimate medical purpose and not in the usual course of his professional practice, delivers a controlled substance by issuing a prescription to a patient seeking the substance for illicit ends" may be prosecuted for unlawfully *distributing* the substance pursuant to G. L. c. 94C, §§ 32-32H. *Id.* at 724-725.

We then applied our analysis and conclusions to Brown's specific circumstances. At his jury trial, the Commonwealth had purported to proceed only on the theory that Brown had dispensed controlled substances. See *Brown I*, *supra* at 718.[1] The judge, therefore, instructed the jury that they had to find, beyond a reasonable doubt, that Brown had dispensed controlled substances. See *id.* at 711. The judge's instructions on the elements of the crime, however, "matched the elements of unlawful distribution," and we therefore concluded that "[t]o the jury . . . it made no difference to which

---

[1]Only the indictments charging Brown with violating G. L. c. 94C, § 32A (*a*); G. L. c. 118E, § 40 (2) (submitting false medical claims); and G. L. c. 266, § 30 (1) (larceny), were tried to a jury. The indictment charging him with violating G. L. c. 94C, § 32B (*a*), was the subject of a jury-waived trial, where the Commonwealth did not elect to proceed on the theory that Brown had dispensed controlled substances. See *Commonwealth* v. *Brown*, 456 Mass. 708, 709 (2010) (*Brown I*).

verb [dispense or distribute] in the indictment their attention was drawn. Considering only the elements necessary for the crime of unlawful distribution, they convicted" Brown. *Id.* at 726.

All of the issues that Brown raises in his current appeal stem from our conclusion that the jury effectively convicted him of distribution, even though they were told that they were being instructed on dispensing. He first argues that the distribution conviction violates his right against double jeopardy. In his view, the judge "acquitt[ed]" him of distribution when the judge purported to instruct the jury on dispensing. In his charge to the jury, the judge stated:

> "[I]n the indictments [charging Brown with violating G. L. c. 94C], you'll see language . . . about an allegation that [Brown] did dispense or distribute; and you may have noted in my elements as I listed them, I talked only about dispensing. That word distribute is surplus. There is a technical definition of distribute that may apply in other types of drug law crimes. It's not of concern here in our case."

This, in Brown's view, was an acquittal of the charge, included in the indictment, of distribution and, the argument seems to be, this court's subsequent determination that the jury had convicted Brown of distribution somehow violated his rights against double jeopardy. There is no merit to this argument. As we have explained, the jury effectively convicted Brown of distribution. He was never acquitted of that charge, and this court did not, on its own, convict him of or reinstate that charge.

Brown next argues that, when the Commonwealth indicated that it was proceeding only on the dispensing charge, this was the "functional equivalent" of a nolle prosequi, a granting of a motion for a directed verdict or, again, an acquittal by the trial judge; that this court resurrected the distribution charge; and that, in so doing, we denied Brown the right to appeal from the distribution conviction. His argument fails for the same reason that his double jeopardy argument fails — although the parties and the judge were using the word "dispense," what was effectively at issue was a matter of distribution. Brown's ex post facto, due process, and equal protection arguments also fail for the same reason. Furthermore, as to the claim that he was denied his right to appeal from a conviction of distribution, Brown has not identified what he might have done differently — what additional or different arguments he might have raised — if he had known that he was appealing from a distribution conviction.

Finally, Brown's brief argument regarding ineffective assistance of counsel — that he was acquitted of the distribution charge and that he therefore could not be effectively represented against the charge because it was "no longer in contention" — does not rise to the level of adequate appellate argument, see Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), and, in any event, does not actually appear to be an argument about ineffective assistance of counsel.[2]

---

[2]Brown also raises an issue regarding duplicative convictions, arguing that his conviction of possession of a controlled substance, in violation of G. L. c. 94C, § 34, is a lesser included offense of his convictions of distribution of controlled substances. Brown's conviction of possession was placed on file; he did not raise any issues related to that conviction in his direct appeal, see *Brown I, supra* at 709 n.1, and we decline to address the matter.

In sum, we find that our decision in *Brown I* did not violate any of Brown's constitutional rights as alleged in this current appeal, and we affirm the order denying Brown's motion filed pursuant to Mass. R. Crim. P. 30.

*So ordered.*

*Michael R. Brown,* pro se.

*Todd M. Blume,* Assistant Attorney General, for the Commonwealth.